JOSEPH COOKE *et al.*, appellants, *v.* THE SCHOOL COMMISSIONER OF THE COUNTY OF JERSEY, &c., appellee.

## *Appeal from Jersey.*

The doctrine, that a power to make representations is implied from the nature of a general agency, seems to have grown out of mercantile transactions, where there are many strong reasons for holding the principal liable for the frauds of his agent. But it does not apply to one whose duty is prescribed by law; a School Commissioner, for instance, whose only duty is to advertise and sell the lands as directed, after a proper subdivision and valuation of the land is made by the Trustees of Schools, and a map delivered to him, for the best price, by inducing, as far as is proper, a fair competition among the purchasers at the sale.

The law will not extend its protection to those, who, through negligence or inattention to their business, suffer an advantage to be taken of their credulity.

DEBT, by petition and summons, in the Jersey Circuit Court, by the defendant in error against the plaintiffs in error, before the Hon. Samuel D. Lockwood, at September term 1844. Demurrer to plea, demurrer sustained, and judgment for the plaintiff below for $213·32 debt, and $42·66 damages.

The substance of the plea is embodied in the Opinion of the Court.

*W. Martin,* for the appellants.

The principal is always liable for the frauds of his agent, and subject to damages to those affected by said fraud. *Locke* v. *Stearns,* 1 Met. 561; *Jeffrey* v. *Bigelow,* 13 Wend. 518; *Lowell* v. *Boston & Lowell R. R. Co.,* 23 Pick. 31.

The State, who are deemed the real plaintiffs here, are affected by the fraud of its agents, on the principle that the State is not bound to execute a contract obtained by fraud practised on its agents; nor can it enforce a contract, affected by fraud on the part of its agents. *Post Master General* v. *Ustick,* 4 Washington C. C. R., 447; *Commonwealth* v. *Breed,* 4 Pick. 463; *Wilcox* v. *Jackson,* 13 Peters, 498; *Lee* v. *Monroe,* 2 Peters' Cond. R. 531.

*W. Thomas,* for the appellee, submitted the case on a written argument.

The plea filed by defendants in this cause shows, that Cooke purchased certain school lands situated in Jersey county, at a public sale made by the school commissioner of that county, and the notes sued on were executed for the consideration agreed to be paid for those lands; the defence relied on is, fraudulent representations by the school commissioner. The appellee contends, that the defence against the payment of the notes set out in the plea cannot be allowed, for the following reasons :

1. The school commissioner was not, and could not be authorized to make any false or fraudulent representations in respect to the lands, and if he made any such representations, the township for which he acted cannot be made responsible for the consequences. *Lee* v. *Monroe,* 2 Peters' Cond. R. 533; *Schimmelpennich* v. *Bayard,* 1 Peters, 290.

2. Persons contracting with public officers, must be presumed to know the nature and extent of power conferred upon such officers, and if power is exceeded, or fraud committed, the officers, and not the public, are responsible to the

party injured. Story on Agency, 123, 125, 126; Principal and Agent, 280; *Schimmelpennich* v. *Bayard,* 1 Peters, 290.

3. The school commissioner, in making the sale and receiving the notes for the purchase money, acted as a public officer, whose rights, powers, and duties are defined by law, and he could not, in the execution of the law, have committed the fraud charged; if he volunteered to make statements and representations which were false, he may be personally liable; but the township is not. *Lee* v. *Monroe,* 2 Peters' Cond. R. 533.

4. The defence, however, cannot be sustained for other reasons. When the land was sold, the purchaser received a certificate of purchase, the sale was reported to the Auditor, and a patent was issued for the land, which patent the law declares shall "vest in the purchaser a sure, perfect and indefeasible title," or if this was not done, the purchaser could require it to be done at any time, he then obtains the land, and upon the facts stated in the plea, is released from the payment of the purchase money. Can a defence involving such consequences be sustained? *The People* v. *The Auditor,* 2 Scam. 568, to prove that the party may obtain the title.

The Opinion of the Court was delivered by

YOUNG, J. This was an action of *petition and summons,* commenced by the School Commissioner of Jersey county, for the use of the inhabitants of township seven (7) north, of range twelve (12) west, of the third principal meridian, against Joseph Cooke, Thomas M. Hamilton, and Charles W. Carroll, at the April term 1844, of the Jersey Circuit Court, on two several bonds for the payment of money, given by the appellants to Joseph Crabb, School Commissioner, &c., for the sum of one hundred, six dollars and sixty six cents each, dated the 17th day of July, 1841, and payable respectively in one and two years after date, with twelve per cent. interest from due until paid.

To this action, the defendants below filed two special pleas, to the first of which there was a demurrer and joinder, and

the demurrer sustained by the Court. The second plea was in substance, that the bonds sued upon were executed to the plaintiff below, in consideration of the sale of forty acres of land to the defendants below, being part of section sixteen (16), in township seven (7) north, of range twelve (12) west, of the third principal meridian, designated on the map of said section by the appellee, and trustees of said township, as number fifteen (15); that when the appellants purchased said land, the appellee represented, that on said forty acres of land so sold, and also upon another forty acres in said section number sixteen (16), and which was designated by the appellee and said trustees as number eleven (11), there were mill sites; that the appellee designated, marked and located mill sites on each of said pieces of land, and represented to the appellants, that there were good mill sites upon each of said pieces of land, and that the value thereof was greatly increased thereby. The appellants then aver, that the representations of the appellee as to said mill sites were false and fraudulent; that at the time the appellee made said representations, and induced the appellants to purchase the forty acres of land, designated as number fifteen (15) on the map, he well knew there was no mill site on said lot, and that said lot was of little value for any other purpose; that said fraudulent representations were made to induce the appellants to purchase said land, and to sign the bonds therefor; that they purchased said forty acres of land at the price of eight dollars per acre, in consequence of such representations for the purpose of erecting a mill thereon; that said defendants would not have purchased said land at any price whatever, if they had not been induced to believe from the representations of the appellee, and designations on the plat, by which the appellee sold said land to the appellants, that there was a good mill site thereon; that said land at the time it was sold to them, on the 17th day of July, 1841, was not worth the sum of fifty dollars; that the appellants purchased said land, without making any examination of the same, and without having any knowledge of the alleged value, or peculiar advantages thereof, except from the representations of the appellee; and

that through said fraudulent representations, the appellee induced the appellants to execute the bonds in the petition mentioned, &c.

To this plea the appellee, by his counsel, filed a replication admitting that the bonds sued upon were given in consideration of the forty acres of land mentioned in the said second plea, but denying that either he or the said trustees made any such false and fraudulent representations in respect to said mill site, as are averred by the appellants, &c.; upon which last plea and replication issue was joined to the country, and the cause submitted to a jury for trial, who found a verdict for the appellants. A motion was then made for a new trial, and sustained by the Court.

At the September term of the Court, 1844, leave was given to the appellee to withdraw his replication to the appellants' second plea, and to file a demurrer thereto, to which there was a joinder by the appellants; whereupon the Court gave judgment in favor of the demurrer, and the appellants failing to answer further, it was also adjudged that the appellee recover of the appellants two hundred, thirteen dollars and thirty two cents debt, and forty two dollars and sixty six cents damages, and costs of suit. From this judgment the appellants appealed to this Court.

The only error assigned is, that the Circuit Court erred in sustaining the appellee's demurrer to the second plea of the appellants. The demurrer admits the facts as set forth in the plea, and the question is, whether they constitute a good defence to the action.

It is provided by the several Acts relative to the sale of school lands, that whenever three fourths of the legal voters of the township shall petition the school commissioner to sell the school lands in the township, the trustees shall proceed, previous to the lands being offered for sale, to value each half quarter, or other smaller subdivision, and shall make out a map of the said school lands, with the several tracts marked and numbered thereon, with a certified statement of the valuation per acre of each particular tract, and the number of acres contained therein, assuming six hundred and

forty acres for the contents of the section; which map and valuation shall be filed with the commissioner appointed for selling the land, who shall record the same in a book to be kept by him for that purpose. When the school commissioner shall receive the map and valuation made by the trustees, he shall proceed to sell the same in tracts, as designated on the map filed by the trustees; and no tract shall be sold unless the bid shall amount to the valuation thereof as certified by the trustees, &c. The commissioner is further required to advertise the land for sale, by giving at least forty days' notice of the time and place of selling the same, by posting up notices in six of the most public places in the county, and also by publication in some newspaper nearest to the land; and to sell said lands at public vendue, at the seat of justice of the county in which the land shall lie, and during the sitting of the Circuit Court, &c.

The appellants aver by their second plea, that they were induced by the false and fraudulent representations of the appellee, to purchase the forty acres of land mentioned in that plea, under the above recited provisions of the law; and insist that such misrepresentations, in regard to the supposed mill site upon the land, is a good bar to the action. They contend that the inhabitants of the township are responsible for the false representations of the school commissioner as their agent; that the facts, if true, as stated in their plea, will vitiate the contract; and that consequently no recovery can be had upon the bonds which were executed by them, in payment for the land.

The doctrine, that a power to make representations is implied from the nature of a general agency, seems to have grown out of mercantile transactions, where there are many strong reasons for holding the principal liable for the frauds of his agent. But all powers must be construed with a view to the design and object of them, and the means most proper and usual for carrying their design and object into effect. In the case under consideration, the section was divided into forty acre tracts by the trustees; each subdivision valued; a map of the land made out and delivered to the commissioner;

and all he had to do was, to advertise and sell the same in separate lots, according to the division and valuation of the trustees, as designated upon the map, for the best price he was able to obtain, by inducing, as far as was proper, a fair competition among the 'purchasers at the sale. If he did more than that, he exceeded his authority, and the inhabi-· tants of the township are not answerable for a false representation which the law did not require, or authorize him to make; and which, at most, amounted only to matter of judgment or opinion. To have entitled the appellants to relief, if relief could have been afforded in such a case, they should have shown that the misrepresentation by the appellee was such that care and prudence could not have provided against the deception, as the law will not extend its protection to those who, through negligence or inattention to their business, suffer an advantage to be taken of their credulity.

In this case, the appellants aver, that they made the purchase of the land for the express purpose of erecting a mill upon it; and notwithstanding the land had been surveyed, and a map made showing its several subdivisions, they neglected to examine its location, and to ascertain by personal observation whether there was a mill site upon it or not. What prudent man, about to incur the expenditure of building a mill, would have purchased without making such examination? To have done less would, in my opinion, have subjected such person to the imputation of gross negligence. It is the vigilant the law regards, and not those who sleep upon their rights.

It is the opinion of the Court, therefore, that the demurrer was well sustained to the second plea, and that the appellee have judgment for his costs. Judgment affirmed with costs.

CATON, J. dissented.

*Judgment affirmed.*